OPINION of the Court, by
Judge Owsley.
Lucas having lost at a horse race and paid to Prior two horses, at the price of one hundred dollars, and fifty dollars in cash, brought an action of debt, and recovered judgment for one hundred and fifty dollars debt, and damages, &c. against Prior ; from which judgment this writ of error has been prosecutep.
Whether the proceedings in this cause are considered to have been had under the act of 1798, or that ofl 799, to suppress the practice of gaming, &c. the judgment is evidently erroneous. By the act of 1798, the person losing and paying property lost, he. or any other person, may, by an action of debt, if brought within three months, recover the thing lost. It is obvious that under this act the thing lost is tobe recovered in specie ; and although the action of debt is given, the judgment should conform to the mode of entering judgments in ordinary cases where the thing in specie is sued lor and recovered : as in debt, where money alone is lost and sued for ; and as in detinue, where property is the subject in contest. If, therefore, this cause was prosecuted under the act of 1798, it was evidently erroneous to award judgment for one hundred and fifty dollars. But it is conceived that part of the act of 1798, which au-thorises a recovery of the thing lost for the use of the person suing, is repealed by the act of 1799. The 4th section of this act provides that all monies or other property which shall be staked or betted on any occasion ■whatsoever, shall be forfeited ; and any person having the same in possession, whether he may have lost or won or obtained it by any other means, shall be com-pellable to pay the same by suit in any court having *97 estnpetent jurisdiction, and mav be recovered by any person suing for the same, one hall to the use of the person suing, and the other half in aid of the county; levy. And although this act contains no repealing clause, there exists a manliest repugnance between its provisions and that of the act of 1798. In such a case the former law gives way to the latter, and so far as both cannot stand together the latter operates a repeal of the former. To permit a recovery by the person losing property to his own use, would be a direct violation of the provision of the act of 1799, authorising a recovery against any person in whose possession the property may be, for the use of the person suing and in aid of the county levy. The proceedings, therelore, to recover money or property lost at games, Stc. should be had under the latter of these acts ; and, as was decided bv this court fall term 1811, in the case of Russell and Davidson vs. Blunt, the declaration and judgment should be qui tam, for the use of the informer and in aid of the county levy.
Various other objections are taken to the declaration, none of which are necessary to be decided : it may not, however, be improper to observe, that the declaration should contain all proper and necessary avermentsj shewing a forfeiture of the money and property, said to be lost at play, and the liability of the defendant in* the court below to the action.
'lhe judgment must be reversed with costs ; thi cause remanded to that court, and the plaintiff in that court have leave to amend his declaration, if he should apply for leave to do so, or upon his failure the suit tó be dismissed. '